Ernest WILLIAMS, Petitioner-Appellee,

v.

E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent-Appellant.

No. 19744.

United States Court of Appeals, Sixth Circuit.

May 18, 1970.

Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellant; Paul W. Brown, Atty. Gen., Columbus, Ohio, on brief.

John C. Huffer (court appointed) Toledo, Ohio, for petitioner-appellee; Millward & Huffer, Toledo, Ohio, on brief.

Before PECK, COMBS and BROOKS, Circuit Judges.

PER CURIAM.

The defendant-appellee and his codefendant in the Ohio state court therein in 1962 entered pleas of guilty to a charge of armed robbery. At their preliminary hearing both indicated a willingness to waive indictment and to respond to an information. The presiding judge thereupon called appellee's codefendant forward and explained the right of one charged with a crime to counsel, emphasizing that this right exists "under the constitution." The trial judge then said to him, "[Y]ou may be seated while I talk with Ernest Williams.

"Now, Ernest, you have heard what I have said to [your codefendant] Eddie concerning the waiver of indictment by the Grand Jury?

"DEFENDANT WILLIAMS: Yes, sir.

"COURT: Do you understand that procedure as compared to the Information procedure we're using here today?

"DEFENDANT WILLIAMS: I do.

"COURT: And it is your desire to waive indictment by Grand Jury, is that correct?

"DEFENDANT WILLIAMS: That's correct.

"COURT: And you also waive the right of counsel to represent you in this matter, is that correct?"

The trial judge and the prosecuting attorney both made some additional cautionary statements, whereupon the appellee and his codefendant both signed separate waivers of indictment and of the right to counsel in open court. Sentence for a term of years was then imposed.

In addition there was a revocation of parole which had been granted to appellee in connection with a previous conviction and sentence.

No appeal was taken from the judgment of conviction, but in 1964 appellee and his codefendant jointly filed a petition for a writ of habeas corpus in an Ohio state court. After an exhaustion of state court remedies, and after the dismissal of two petitions for writs of habeas corpus in the District Court, appellee filed, on May 6, 1969, a third petition for a writ. The District Court granted the writ of habeas corpus and appellant perfected this appeal.

Prior to the issuance of the writ, however, as appears from the opinion filed by the District Court in the present case, it had denied the codefendant's petition for a writ of habeas corpus, and this court denied his application for a certificate of probable cause. Elton v. Green, Misc. No. 364, 1967.

The opinion of the District Court held "Petitioner's contention that he was deprived of his right to counsel [to be] meritorious", on the basis, apparently, of the fact that the trial judge did not when addressing the appellee repeat in detail his statements to the codefendant. However, a reading of the transcript of the arraignment and sentencing proceedings dispels any view that both defendants were not simultaneously addressed. That proceeding commenced with the following statement of the prosecuting attorney:

> "If the Court pleases, this is the State of Ohio vs. Eddie Elton, who is the second gentleman sitting over here; and Ernest Williams, who is the first one here. It's Case No. 30904, and both of *these men* have been bound over to the Grand Jury on Armed Robbery. *They* have informed Sgt. Craig that *they* wanted to talk to me. *They* came over, and *they* expressed a desire—*they* wish to waive Grand Jury action and come before this Court on Information. I have drawn this Information and I will read it to *them*,

if I may, at this time?" (Emphasis supplied.)

It is clear that both defendants were equal participants in the entire proceedings, that both received a full and complete explanation of their rights, and that each both orally and in writing knowingly waived their right to have the matter presented to a grand jury and to be represented by counsel. The written waiver contained advice of the appellant's right to appointed counsel "to be paid by the County." Nothing in the record indicates any reason for concluding that either of the original defendants was more or less fully advised of his rights than the other or for concluding that either knowingly waived his rights while his codefendant did not.

It is here concluded that the petitioner-appellee knowingly waived his right to have the charges against him presented to a grand jury and to be represented by counsel, and the judgment of the District Court is reversed.